SAUNDERS v. CHICAGO, R. I. & G. RY. CO.†

(Court of Civil Appeals of Texas. Ft. Worth. March 1, 1913. Rehearing Denied April 22, 1913.)

1. APPEAL AND ERROR (§ 1040*)—REVIEW—PREJUDICE.

The overruling of demurrers or exceptions to certain clauses of written cattle shipment contracts, which exempted defendant from liability for damages resulting from certain causes, was not material, where none of such exemptions from liability were submitted to the jury as a basis of a verdict for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4089–4105; Dec. Dig. § 1040.*]

2. CARRIERS (§ 230*)—TRANSPORTATION OF LIVE STOCK—INSTRUCTIONS.

Where, in an action for injuries to cattle, the defendant presented the issue of nonliability for injuries resulting solely on account of the inherent propensities of the cattle or their condition when shipped, and the court only charged that, even though the cattle were thin, yet, if the railroad company received them for shipment, it was its duty to exercise

care to deliver them within a reasonable time, and, if the jury found delay en route and defendant did not exercise such diligence, then the finding should be for plaintiff, defendant was entitled to an affirmative charge, presenting such defense.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

3. CARRIERS (§ 230*)—TRANSPORTATION OF CATTLE—INSTRUCTIONS.

Where defendant carrier pleaded that plaintiff had agreed to care for the cattle shipped en route, and that the damage for which plaintiff sued, if any, resulted from the usage reasonably incident to such transportation, and the negligence of plaintiff and his agents in the manner of loading the cattle, the care en route, and the unloading of the same, such allegation was sufficient to authorize an instruction that, if plaintiff did not send as many men with the cattle as were necessary and damage resulted therefrom, defendant could not be held liable for such damage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

4. CARRIERS (§ 230*) — INSTRUCTIONS—SHIPMENT OF CATTLE.

An instruction that it was the carrier's duty to use ordinary care in furnishing cars for the shipment of cattle and to furnish cars in good condition, properly sanded and bedded to protect the cattle from slipping and falling, was not so conflicting as to be misleading.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by T. B. Saunders against the Chicago, Rock Island & Gulf Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

J. C. Scott, of Ft. Worth, for appellant. Lasseter, Harrison & Rowland, of Ft. Worth, for appellee.

CONNER, C. J. This is an appeal from a judgment in a suit instituted by appellant against the Chicago, Rock Island & Gulf Railway Company for the recovery of damages to a shipment of cattle from Ft. Worth, Tex., to Lindsey, Okl., during the month of April, 1911. The case was tried before a jury, and the only grounds of negligence alleged by appellant as the bases of recovery that were submitted in the court's charge were those of alleged negligence in a failure to properly sand or bed the floors of the cars in which the shipment was made, and of alleged negligent delays en route.

[1] Appellant first complains of the action of the court in overruling certain demurrers and exceptions to certain clauses of the written contracts of shipment which exempted appellee from liability from loss or damage arising from derailments, collisions, fire, escapement from car, and other accidents or causes not resulting from the negligence on the part of the carrier; but, inasmuch as no opportunity of escape from liability on appellee's part by reason of any of such exemptions was afforded under the court's charge, it seems manifest that the court's

ruling, whether correct or not, is now wholly immaterial. Appellant's first assignment, therefore, raising the question on demurrer, and his third assignment raising the same question by objections to the contracts when offered in evidence, must be overruled.

[2] We feel unable to say that the court gave undue emphasis to one of appellee's defenses in giving its fifth special charge. This charge was to the effect that the jury must not in any event allow plaintiff a recovery for such damages, if any, as resulted to his cattle directly and solely on account of their inherent nature or propensities or their condition at the time they were shipped. Appellee presented this defense in its answer, and the evidence, while conflicting, certainly raised the issue. The only reference in the court's main charge to the matter was in the third clause wherein the jury were instructed to the effect that, even though the cattle were thin, yet, if the railroad company received them for shipment, it was their duty to exercise care and diligence to deliver the cattle within a reasonable time, and that, if the jury should find delay en route and that defendant did not exercise such diligence as a reasonably prudent person would have exercised under the circumstances, then the finding should be for the plaintiff. Under these circumstances the defendant was entitled to an affirmative presentation of the defense referred to; and, there being no objection to the charge other than that whereby the issue was unduly emphasized, we think the fourth assignment must be overruled.

[3] In the fifth assignment appellant urges that the court erred in charging the jury to the effect that if they found that the plaintiff did not send as many men with the cattle as were necessary from Ft. Worth to Lindsey, Okl., and that damage approximately resulted to some of the cattle by reason of that fact, then for all such damages so resulting, if any, the defendant could not be held responsible, and no damages therefor should be allowed. The only objection to this charge is that the issue was not raised by the defendant's answer. The defendant specially pleaded, among other things, that the plaintiff had agreed to take care of the cattle en route, and that the damage for which plaintiff sued, if any, resulted from "the usage reasonably and necessarily incident to a transportation of such a shipment so great a distance as from Ft. Worth to Lindsey, and the negligence of the plaintiff and his agents in the manner and circumstances of the loading of the cattle, the care of the same en route, and the unloading of the same at destination." There does not ap-

pear to have been any exception to this plea calling for greater particularity, and we think that, after the verdict and on appeal, the answer quoted should be deemed sufficiently comprehensive to include the issue submitted in the clause of the charge objected to.

[4] The court's charge is objected to in the sixth assignment as conflicting, the basis of this contention being that in the first clause of the second paragraph of the court's charge the jury were instructed that it was the duty of the defendant to "use ordinary care in furnishing the cars in question in good condition," while in the second clause of the same paragraph the jury were instructed "that it was the duty of the defendant to furnish cars in good condition for the shipment and * * * to have the cars properly sanded or bedded to protect the cattle from slipping and falling." We hardly think the conflict misleading or of any importance. The first clause seems to have been a general statement relating to the general duty of furnishing cars in good condition, while the second clause was more particularly pertinent to the specific duty of properly sanding and bedding the cars actually furnished. In neither allegation nor evidence was an issue made of any general defect or insufficiency of the cars furnished, the only issue being whether they had been sufficiently sanded or bedded, and the duty to do this was devolved upon appellee absolutely.

The only remaining contention is under the seventh and eighth assignments to the effect that the verdict of the jury is contrary to the evidence and against the great weight of the testimony. We will not undertake to quote the evidence, but deem it sufficient to say that it has been carefully examined and considered; and, while there is a sharp conflict on the issue of whether the cars were sufficiently bedded, it cannot be said that the verdict on the issue in appellee's favor is not sufficiently supported. At least one witness testified clearly in appellee's behalf to the effect that 11 of the cars were examined, and that each one that was found not sufficiently bedded was resanded and prepared for the shipment; that others not rebedded were "touched up"; that neither Mr. Saunders nor his representatives in charge of the shipment made any complaint of an insufficiency in the bedding; that, had such complaint been made, an effort to make it entirely satisfactory would have been made. The insufficiency of the evidence to support other issues is not charged, and we therefore conclude that all assignments of error must be overruled, and the judgment affirmed.

Affirmed.